**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NATALIE CRIBB,

     Plaintiff,

V.                               CASE NO.:

MENTAL HEALTH RESOURCE CENTER, INC.,

     Defendant,

_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, NATALIE CRIBB, (hereinafter "Ms. Cribb" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and Demand for Jury Trial against defendant, MENTAL HEALTH RESOURCE CENTER, INC., (hereinafter "MHRC," "Company," or Defendant") and states the following:

## **INTRODUCTION**

1.    The Plaintiff brings this action against Defendant, her former employer, seeking to recover damages for unlawful discrimination based on disability and retaliation in violation of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq.; and Chapter 760 of

the Florida Statutes, the Florida Civil Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA"). In addition, Plaintiff seeks to redress violations by Defendant of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA") and the Workers' Compensation Law §440.205 Florida Statutes.

2.     As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against her, altered the terms, conditions, and privileges of her employment because of her disability and retaliated against her in violation of her rights under the ADA and the FCRA. Plaintiff further alleges that Defendant unlawfully interfered with the exercise of Plaintiff's FMLA rights and unlawfully retaliated against her for exercising those rights in violation of the FMLA.

3.     As a direct and proximate result of unlawful actions, Plaintiff has suffered actual damages: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, she has suffered and continues to suffer loss of her professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4.     Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367(a) and the principles of pendent jurisdiction.

6.     This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7.     Venue is proper in the United States District Court for the Middle District of Florida, Jacksonville Division, pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Duval County, Florida.

## PARTIES

8.     The Plaintiff is Natalie Cribb, a fifty-five-year-old female who resides in Duval County, Florida that has been diagnosed with Asperger's Syndrome. In addition to her Asperger's Syndrome, Ms. Cribb suffered work-related injuries to both of her knees and experienced heart-related medical issues during her employment with Defendant.

9.     Plaintiff is a member of a class protected against discrimination based on her disability by the ADA and the FCRA.

10.    During the period from November 2014, until August 19, 2021, Defendant employed Plaintiff.

11.    At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

12.    At all times material herein, Plaintiff was an employee entitled to protection as defined by the FMLA.

13.    The Defendant is MENTAL HEALTH RESOURCE CENTER, INC., a Florida Not for Profit Corporation principally located at 10550 Deerwood Park Boulevard, Suite 600, Jacksonville, Florida 32256 in Duval County.

4

14.     At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Duval County, Florida.

15.     At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to, the ADA, the FCRA, and FMLA.

16.     Accordingly, Defendant is liable under the ADA and the FCRA for the unlawful discrimination and retaliation to which it subjected Plaintiff and is liable under the FMLA for unlawfully interfering with Plaintiff's rights and for retaliating against Plaintiff in violation of the FMLA as more fully alleged herein.

## ADMINISTRATIVE PREREQUISITES

17.     Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

18.     On December 1, 2021, Plaintiff timely filed a dual Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") alleging, among other things, disability discrimination and retaliation.

19.     On May 12, 2022, the EEOC issued Plaintiff a Notice of Right to Sue in reference to her Charge of Discrimination (EEOC Charge No. 510-2022-01361) against Defendant.

20.     This action is filed within ninety (90) days of Plaintiff's receipt of her Notice of Right to Sue, dated May 12, 2022, from the EEOC in reference to EEOC Charge No. 510-2022-01361.

21.     Further, more than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is also entitled to bring her FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

22.     All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

23.     In November 2014, MHRC hired Ms. Cribb as a Charge Nurse.

24.     Ms. Cribb made Respondent aware that she has Asperger's syndrome, which is a qualifying disability under the ADA.

25.    In December 2019, Ms. Cribb requested a change to full-time Charge Registered Nurse status, which MHRC granted.

26.    In late 2020, Ms. Cribb tore her left knee meniscus after being kicked in the abdomen by a patient.  As a result of her injury, MHRC placed Ms. Cribb on light duty in the medical records department until a surgery could be scheduled on her left knee.

27.    On January 7, 2021, based on her doctor's release, Ms. Cribb took six weeks of job protected leave under the FMLA to have a left knee arthroscopy with meniscus repair performed and undergo the necessary physical therapy to recover from the surgery.

28.    During Ms. Cribb's FMLA leave, PRN nurse, Traci Propper, covered Ms. Cribb's scheduled shifts.

29.    Ms. Cribb returned to work on February 22, 2021.

30.    Upon her return, Ms. Cribb learned that MHRC had demoted her from Charge Nurse to Staff Nurse and transferred her from the south location to the north.

31.    Ms. Cribb reached out to VP of nursing services, Amy Cooper, to express her concerns about this retaliatory act and further notified Ms. Cooper that the move impacted her Asperger's Syndrome.

32.     Ms. Cooper failed to take any action regarding Ms. Cribb's concerns of discrimination and retaliation for taking a medical leave of absence.

33.     In March 2021, Ms. Cribb suffered another work-related knee injury when her right knee meniscus tore which required her to take job-protected leave under the FMLA from April 7, 2021, through June 7, 2021.

34.     On July 15, 2021, Ms. Cribb suffered a heart attack which resulted in the need for her to undergo open heart surgery.

35.     On or about July 19, 2021, upon learning that she had to undergo open heart surgery, Ms. Cribb provided her medical documentation stating that she would be undergoing open heart surgery on July 20, 2021, to Mary Walsh in MHRC's Benefits Department and notified Ms. Cooper of the same. Ms. Walsh instructed Ms. Cribb to request a 30 day leave of absence, which MHRC granted.

36.     Towards the end of her 30 days leave of absence, Ms. Cribb reached out to Ms. Walsh again and her nurse manager, Stephanie Stevens, in hopes of engaging in an interactive process related to her need for leave as an accommodation but received no response.

37.     On August 16, 2021, Ms. Walsh sent Ms. Cribb a letter notifying Ms. Cribb that her employment would be terminated effective August 19, 2021. Additionally, MHRC permanently replaced Ms. Cribb as the south location Charge Nurse with Ms. Propper, who does not suffer from a disability.

38.     Ms. Cribb attempted to reach Ms. Cooper regarding her termination on two separate occasions but was unsuccessful and flippantly told Ms. Cooper was unavailable.

39.      On or about August 25, 2021, Ms. Cribb's physicians authorized her to return to work with specific restrictions of no pushing, pulling, or lifting greater than 10-25 pounds until October 20, 2021, at which time she could resume working without restrictions.

40.     Despite failing to accommodate Ms. Cribb's need of a reasonable accommodation of a brief leave of absence to recover from open heart surgery, MHRC has routinely provided other employees with longer periods of leave than what Ms. Cribb needed. Specifically, MHRC granted Fernette Hoague of almost one year to recover from breast cancer and even went as far as soliciting other employees to donate their PTO to Ms. Hoague.

In another instance, MHRC granted Suzanne Johnston five months of leave to recover from a broken foot she suffered in a car accident.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITY ACT
### Discrimination based on Disability
### 42 U.S.C. §§ 12101-12213.

41.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42.    Plaintiff is a fifty-five-year-old female who resides in Duval County, Florida that has been diagnosed with Asperger's Syndrome. In addition to her Asperger's Syndrome, Ms. Cribb suffered work-related injuries to both of her knees and experienced heart-related medical issues during her employment with Defendant.

43.    At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of the ADA.

44.    At all times material herein, Defendant employed, and continues to employ, one hundred (100) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. As such, at all times material herein, Defendant was and is an

"employer" within the meaning of the ADA. 42 U.S.C. § 12101 et seq.

45.    Moreover, Defendant is a "person" within the meaning of the ADA, 42 U.S.C. § 12101 et seq.

46.    At all times material herein, Defendant employed Plaintiff.

47.    At all times material herein, Defendant discriminated against Plaintiff because of her disability.

48.    Defendant, as Plaintiff's employer, was obligated to guard against the harassment of Plaintiff by her co-workers, supervisors, managers, and other persons and to protect Plaintiff from harassment in the workplace.

49.    Plaintiff believed that Defendant's actions materially altered the terms and conditions of her employment.

50.    Plaintiff did not welcome the acts, harassment, disparate treatment and did not directly or indirectly invite or solicit them by her own acts or statements.

51.    At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about the discrimination of Plaintiff, but did not take prompt remedial action to eliminate the unlawful behavior.

52.    Defendant violated the ADA by subjecting Plaintiff to

harassment because of her disability by failing to promptly correct the harassment once it learned of it.

53.     Further, Defendant failed to prevent and promptly correct this illegal workplace harassment. Defendant's supervisors, managers, and Human Resources personnel who learned about the objectionable workplace conduct and harassment of Plaintiff failed to promptly take steps to correct the conduct.

54.     Instead, as more particularly alleged hereinabove, Defendant's personnel further perpetuated the discrimination by terminating Plaintiff's employment on August 19, 2021.

55.     The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the harassment, discrimination, and disparate treatment of Plaintiff, deprived her of statutory rights under the ADA.

56.     Defendant's actions constitute discrimination and retaliation in violation of the ADA.

57.     As a direct, proximate and foreseeable result of Defendant's

aforementioned actions, inactions, and violations of the ADA, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; and (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damages to her family and relationships, and other nonpecuniary losses and intangible injuries.

WHEREFORE, the Plaintiff, NATALIE CRIBB, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, MENTAL HEALTH RESOURCE CENTER, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.     Grant judgment in favor of Plaintiff and declare that Defendant has violated the ADA. 42 U.S.C. § 12101 et seq., as amended, and its implementing Regulations, discriminating against Plaintiff based on her disability;

B.     Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the discrimination to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related

benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the hostile work environment and discrimination he has endured;

C.      Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of her injuries and damages caused by Defendant's discriminatory conduct and actions pursuant to the ADA;

D.      Award Plaintiff all other damages available under the ADA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the ADA, according to proof;

E.      Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.      Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.      Grant such other and further relief as this Court may deem equitable, just, and proper.

<u>COUNT II</u>
**VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT**
**FMLA Retaliation**

58.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

59.    The prohibitions against interference with the exercise of rights, discrimination, and interference with proceedings or inquiries described in the FMLA, 29 U.S.C. § 2615, apply to employers with respect to eligible employees taking, or attempting to take, leave under the FMLA.

60.    Under the FMLA, it is unlawful for an employer to take action against an employee because the employee exercises her FMLA rights. The FMLA prohibits an employer from "discharg[ing] or in any other manner discriminat[ing] against any individual" for asserting her rights under the FMLA. 29 U.S.C. § 2615(a)(2).

61.    As more particularly alleged hereinabove, at all times material herein, Plaintiff was and is an "eligible employee" and Defendant was and is an "employer" within the meaning of the FMLA.

62.    As more particularly alleged hereinabove, Plaintiff qualified for leave under the FMLA.

63.     Plaintiff engaged in statutorily protected activity by exercising her rights to take leave under the FMLA.

64.     Defendant knew that Plaintiff was exercising her rights under the FMLA and was aware of Plaintiff's right to protected leaves of absence under the FMLA.

65.     Defendant violated the FMLA and retaliated against Plaintiff by, among other things; demoting Plaintiff under false pretenses and terminating Plaintiff's employment under false pretenses.

66.     Defendant terminated Plaintiff in retaliation for her protected activity.

67.     A causal connection exists between Plaintiff's requesting, taking and/or attempting to take FMLA leave and Defendant's adverse employment actions and ultimate decision to demote then terminate Plaintiff's employment.

68.     As more particularly alleged herein above, Defendant demoted then terminated Plaintiff without a legitimate nondiscriminatory basis for the decision.

69.     Defendant's aforementioned actions and omissions constitute violations of the FMLA.

70.     As a direct and proximate result of Defendant's retaliatory and unlawful conduct, Plaintiff has suffered, continues to suffer, and will suffer damages including, but not limited to, lost wages, salary, employment benefits and other compensation lost by reason of Defendant's unlawful conduct in violation of the FMLA and, as such, is entitled to legal relief.

71.     In addition, Plaintiff is entitled to appropriate equitable relief including employment, reinstatement, and/or promotion. 29 U.S.C. § 2617(a)(1)(B).

72.     Further, Plaintiff is entitled to liquidated damages as Defendant did not act in good faith and had no reasonable grounds for believing that it was not violating the FMLA. 29 U.S.C. § 2617(a)(1)(A)(iii).

73.     Finally, Plaintiff is entitled to reasonable attorney's fees, reasonable expert witness fees, and other costs of the action. 29 U.S.C. § 2617(a)(3).

WHEREFORE, the Plaintiff, NATALIE CRIBB, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, MENTAL HEALTH RESOURCE CENTER, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.     Grant judgment in favor of Plaintiff and declare that Defendant violated the FMLA and engaged in unlawful conduct and employment practices prohibited by the FMLA in that Defendant demoted, discharged, discriminated against and/or retaliated against Plaintiff for taking leave under the FMLA and exercising her rights under the FMLA;

B.     Award damages to Plaintiff for lost wages, salary, employment benefits, and all other compensation denied or lost resulting from Defendant's unlawful conduct and employment practices in violation of the FMLA, and to otherwise make her whole for any losses suffered because of such unlawful employment practices in violation of the FMLA;

C.     Award Plaintiff liquidated damages as recoverable under the FMLA and as consistent with law;

D.     Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

E.     Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

F.     Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT III
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT,
## FLORIDA STATUTES §§ 760.01-11
### Disability Discrimination

74.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

75.     Plaintiff, a fifty-five-year-old female who resides in Duval County, Florida that has been diagnosed with Asperger's Syndrome. In addition to her Asperger's Syndrome, Ms. Cribb suffered work-related injuries to both of her knees and experienced heart-related medical issues during her employment with Defendant, is a member of a protected class under the FCRA, §§ 760.01-760.11, Florida Statutes, by way of her disability.

76.     At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

77.     Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock

company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

78.     At all times material herein, Defendant employed, and continues to employ, one hundred (100) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. As such, at all times material herein, Defendant was and is an "employer" within the meaning of the FCRA. § 760.02(7), Florida Statutes.

79.     The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful harassment and discrimination based on her disability.

80.     As her employer, Defendant was obligated to guard against the harassment, disparate treatment, and discrimination of Plaintiff by her co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from harassment and discrimination in the workplace.

81.     Defendant violated the FCRA by, among other things, failing to promptly correct the harassment, disparate treatment, and discriminatory

conduct toward Plaintiff once it learned of it and by subjecting Plaintiff to harassment and disparate treatment because of her disability.

82.    Plaintiff, by being subjected to this harassment, disparate treatment, and discrimination created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

83.    The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the harassment, disparate treatment, and discrimination of Plaintiff, deprived her of statutory rights under the FCRA.

84.    As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, NATALIE CRIBB, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, MENTAL HEALTH RESOURCE CENTER, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.     Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on her race and national origin;

B.     Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's discrimination against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.     Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.    Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest;

F.    Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT IV
## WORKER'S COMPENSATION RETALIATION
## FLORIDA STATUTES §440.205

85.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

86.    Plaintiff brings an action under the Workers' Compensation Law §440.205, Florida Statutes, for unlawful retaliation.

87.    Plaintiff filed a statutorily protected Workman's Compensation claim.

88.    In Late 2020, Plaintiff put Defendant on notice that she was injured while on the job.

89.    Plaintiff missed work from January 7, 2021, through February 22, 2021, to treat her work-related injury.

90.    Upon her return to work on February 22, 2021, Ms. Cribb learned that MHRC had demoted her from Charge Nurse to Staff Nurse and transferred her from the south location to the north.

91.    In March 2021, Ms. Cribb suffered another work-related knee injury when her right knee meniscus tore which required her to take leave from April 7, 2021, through June 7, 2021.

92.    On August 16, 2021, Ms. Walsh sent Ms. Cribb a letter notifying Ms. Cribb that her employment would be terminated effective August 19, 2021.

93.    Plaintiff's termination is an adverse employment action.

94.    Plaintiff's termination on August 19, 2021, is clearly retaliation against her resulting from her filing of a workman's compensation claim. As such, it directly violates § 440.205 Florida Statutes.

95.    As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to

suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under §440.205, Florida Statutes according to proof. These damages have occurred in the past, are permanent and continuing.

WHEREFORE, the Plaintiff, NATALIE CRIBB, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, MENTAL HEALTH RESOURCE CENTER, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant violated § 440.205 Florida Statutes and engaged in unlawful conduct and employment practices prohibited by the § 440.205 Florida Statutes in that Defendant discharged, disciplined, discriminated against and/or retaliated against Plaintiff for exercising her rights under § 440.205 Florida Statutes;

B.    Award damages to Plaintiff for lost wages, salary, employment benefits, and all other compensation denied or lost resulting from

Defendant's unlawful conduct and employment practices in violation of § 440.205 Florida Statutes, and to otherwise make her whole for any losses suffered because of such unlawful employment practices in violation of § 440.205 Florida Statutes;

C.    Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's conduct and actions, pursuant to and within the statutory limitations of § 440.205 Florida Statutes;

D.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

E.    Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

F.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Date this 9th day of August 2022.

/s/ Jason W. Imler, Esq
Jason W. Imler
Florida Bar No. 1004422
**Imler Law**
19409 Shumard Oak Dr., Unit 103
Land O' Lakes, Florida 34638
(P): 813-553-7709
Jason@ImlerLaw.com